86 F.3d 1159
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James McGUIRE, Appellee,
v.
Dora SCHRIRO; Michael L. Kemna, Defendants,
Correctional Medical Services, Agency for the Missouri
Department of Corrections, St. Louis, MO, Appellant,
John Langland, CMS Administrator, Defendant,
Mary Lou Wilson; Diane Schmille; Dr. John Matthews, CMS
Medical Examiner, Appellants.
 No. 95-2184.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 1, 1996.
Filed: May 21, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James McGuire, an inmate at Western Missouri Correctional Center (WMCC), brought this 42 U.S.C. § 1983 action against, among others, Correctional Medical Systems (CMS) and various CMS personnel ("defendants"). McGuire claimed defendants acted with deliberate indifference to his serious medical need by delaying for several months the surgical repair of his hernia. Defendants moved for summary judgment and argued they were entitled to qualified immunity. McGuire opposed the motion. The district court[1] denied the motion, concluding defendants were not entitled to summary judgment based on qualified immunity because genuine issues of material fact existed regarding their roles in McGuire's medical treatment, and McGuire had alleged the violation of a clearly established constitutional right. Defendants appeal.
 
 
 2
 An order denying a motion for summary judgment based on qualified immunity may be final and appealable depending on the issue appealed. Johnson v. Jones, 115 S.Ct. 2151, 2154-55 (1995). If the issue concerns whether a certain point of law is clearly established, or whether reasonable officials would have known based on the facts available to them that their actions violated the law, the order is immediately appealable. Mitchell v. Forsyth, 472 U.S. 511, 528-30 (1985); Reece v. Groose, 60 F.3d 487, 489 (8th Cir.1995). If, on the other hand, the issue on appeal is whether the pretrial record creates a genuine issue of material fact as to the occurrence of particular conduct, the order is not immediately appealable. Behrens v. Pelletier, 116 S.Ct. 834, 842 (1996); Johnson v. Jones, 115 S.Ct. at 2158-59.
 
 
 3
 We agree with the district court that this appeal falls within this latter category. Accordingly, we dismiss for lack of jurisdiction.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri